**COMMONWEALTH OF PENNSYLVANIA ex rel. Francis FEILING and
Jean Feiling, Appellants**

v.

**Charles SINCAVAGE, State Police Officer; Joseph Sauders, State Police Officer; Anthony Cancilla, Castle Shannon Police Officer, and Officer Miller, Castle Shannon Police Officer.**

No. 19086.

United States Court of Appeals,
Third Circuit.

Submitted March 5, 1971.

Decided March 24, 1971.

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F. 2d 966.

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of

New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir. 1970, 430 F. 2d 966.

Francis Feiling, pro se.

John J. Hickton, Dougherty, Larrimer, Lee & Hickton, Pittsburgh, Pa., for Anthony · Cancilla and Officer Miller.

Patrick H. Washington, Deputy Atty. Gen., Dept. of Justice, Harrisburg, Pa., for Charles Sincavage and Joseph Sauders.

Before HASTIE, Chief Judge, and ADAMS and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

Appellants brought a civil action pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983 against three police officers, seeking actual and punitive damages for a search of their home. In a non-jury trial the district court found that the search had been conducted in a reasonable manner in the execution of a search warrant procured in good faith, 313 F.Supp. 967. This finding is not clearly erroneous. Rule 52(a), Fed.R.Civ.P. The district court also found that the state court judge who issued the warrant had probable cause to do so. Appellants contend this finding is in error. We do not reach that issue. A peace officer who acts in good faith and in a reasonable manner in executing a search warrant issued by a judicial officer is not made liable in damages under 42 U.S.C. § 1983 upon a showing that the judicial officer erred. Cf. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967).

Appellants also contend that they should have been afforded a jury trial. Mr. Feiling, the original plaintiff, did not demand a jury trial within the time permitted by Rule 38, Fed.R.Civ.P. After his untimely demand for a jury trial was denied he moved to amend the complaint by adding his wife as a plaintiff. When that motion was granted she renewed the demand for a jury trial and her motion was denied. The case was then ready for trial on a non-jury calendar. The district court did not err in permitting the wife to intervene in her husband's case in the status in which she found it.

The judgment of the district court will be affirmed.